

**ORDERED in the Southern District of Florida on March 11, 2026.**

_____
**Mindy A. Mora, Judge**
**United States Bankruptcy Court**
_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**www.flsb.uscourts.gov**

| | |
|---|---|
| In re: | Case No.: 25-16275-MAM |
| Gary David Ormont,<br>      Debtor(s).<br>_____ / | Chapter 13 |

## OPINION AND ORDER DISCHARGING SHOW CAUSE ORDER AND IMPOSING SANCTIONS ON CLEAR PATH LEGAL FIRM, RODNEY NICOLAS, AND CHELSEA LYNN

Debtor Gary Ormont found the bankruptcy process confusing and, rather than consulting with a bankruptcy lawyer, enlisted the aid of someone who he thought could help: a bankruptcy petition preparer.

Debtor's request to ClearPath Legal Firm ("ClearPath") for bankruptcy help made sense because, as the name implies, ClearPath indicated to Debtor that it was qualified to help with bankruptcy matters. ClearPath's current website lists

bankruptcy document preparation as a standard service along with services available in the legal practice areas of family law, civil law, estate planning, real estate, and business formation.[1]

ClearPath coached the debtor through several key aspects of the bankruptcy process but failed to properly disclose important information, including the identification number for its responsible person, Rodney Nicholas, and the true certification status of the person who helped Debtor, Chelsea Lynn.

Ms. Lynn, self-identified in email communications as attorney "Chelsea Lynn, Esq.", has never appeared in court despite at least two orders directing her appearance. By way of explanation for her repeated absence, ClearPath represented that Ms. Lynn is merely a "remote document preparer". Although ClearPath has repeatedly insisted that neither it nor Ms. Lynn provides legal advice or assistance, email communications filed on the docket indicate otherwise.

Because Ms. Lynn has never appeared in court, her true identify remains a mystery to this day. Debtor now believes that Ms. Lynn—who routinely signed communications to Debtor in a manner indicating she is an attorney—is a former schoolteacher.

FACTUAL BACKGROUND

It is unclear to what extent Ms. Lynn and ClearPath guided Debtor through

---

[1] Sometime after the filing of this bankruptcy case, ClearPath apparently rebranded itself as "Clear Path Legal Docs Preparation Service". Compare https://clearpathlegaldocspreparationservices.com/ with ECF No. 41, p. 2 (identifying sender as "Chelsea Lynn, Esq." with "ClearPath Legal Firm") and ECF No. 53, p.1.

the bankruptcy process, but the record leaves no room for doubt that the services provided went far beyond mere retyping of handwritten forms and included legal advice. *See, e.g.*, ECF No. 53, pdf pp. 25-26 (describing information needed to properly complete forms and attaching draft motion to value and loan documents); *see also id.*, pdf pp. 30-32 (explaining revisions to forms, reasons for those revisions, and why revisions might be important for confirmation of a chapter 13 plan). The legal advice and work performed included assistance with the preparation of a motion to value Debtor's vehicle. *Id.*; ECF Nos. 28, 40, and 68 (collectively as amended, the "Motion to Value"). Issues with the Motion to Value and Debtor's initial chapter 13 plan (ECF No. 18) (the "Plan") are what first brought this matter to the Court's attention.

At a hearing on October 9, 2025 (the "First Hearing"), counsel to the chapter 13 trustee ("Trustee") identified deficiencies in the Plan and inconsistencies in the Motion to Value. Trustee pointed out that Debtor's vehicle was listed in three sections of the Plan, but without payments, despite the existence of the Motion to Value. At that hearing, Debtor stated that he hired Ms. Lynn and ClearPath Legal to assist him with his chapter 13 bankruptcy and understood that they should have already filed corrected documents through the Court's electronic filing system (CM/ECF).

Bankruptcy petition preparers ("BPPs") are not authorized to use CM/ECF, so electronic filing could not and did not occur. Debtor seemed unaware of any procedural issue.

Based on Debtor's representations at the First Hearing, the status of Debtor's

bankruptcy case, and documents filed on the docket as of October 21, 2025,[2] the Court issued an order to show cause (ECF No. 48) (the "Show Cause Order") directing Ms. Lynn to explain why she should not be sanctioned for multiple violations of Bankruptcy Code § 110.[3] The Show Cause Order set a hearing on November 13, 2025 at 11:00 a.m. (the "Show Cause Hearing") and required Ms. Lynn to attend the Show Cause Hearing in person.

Ms. Lynn failed to appear.

Between the First Hearing and the Show Cause Hearing, an interesting turn of events unfolded. A person arrived at the courthouse with documents to file on behalf of Ms. Lynn. The documents, docketed as ECF No. 53 (the "Response"), included a written request to accept the filing as a "declaration" but failed to cite to the federal statute that would allow the filing to serve the same function as a sworn affidavit.[4] The person who submitted the filing signed the court's log as "Rodney Paul Nicholas". Mr. Nicholas declined to provide a physical address but included a local cell phone number for contact information.

At the Show Cause Hearing, Mr. Nicholas offered representations on the record on behalf of ClearPath and Ms. Lynn, but did not disclose that he was the "responsible person" for ClearPath under § 110. He agreed to convey to ClearPath the

---

[2] ECF No. 41 (documents submitted to Court with communications between Debtor and Ms. Lynn in her capacity as an agent of ClearPath).

[3] At this point, it was not clear that Ms. Lynn was not the owner of ClearPath.

[4] 28 U.S.C. § 1746.

4

judge's concerns but did not explain that the person to whom the concerns should be conveyed was, in fact, himself. That information did not surface until later.

After a further review of the docket, the Court referred the matter to the United States Trustee (ECF No. 64) (the "<u>Referral Order</u>") for investigation and scheduled a hearing on the Referral Order for January 13, 2026 (the "<u>Referral Hearing</u>").

Mr. Nicholas appeared again at the Referral Hearing. At this point, he acknowledged his role as the responsible person for ClearPath pursuant to § 110. He further represented that the entity was formed in Florida and operates as a d/b/a (doing business as) entity within this state.[5] Mr. Nicholas explained that Ms. Lynn is an independent contractor on the "Fiverr" platform[6] and, despite written communications from Ms. Lynn signed as "Esq.", contended that neither ClearPath nor Ms. Lynn have ever claimed to provide legal advice or legal services.[7]

Mr. Nicholas professed to have an understanding of "some" of the provisions of § 110. He also represented to the Court that he, ClearPath, and Ms. Lynn were not currently working with any other debtors who had cases pending in the Southern District of Florida.[8]

---

[5] The Court could not verify Mr. Nicholas's representations regarding ClearPath through a standard public records search on wwww.sunbiz.org.

[6] See https://www.fiverr.com.

[7] At this point, Clear Path still used the name "ClearPath Legal Firm".

[8] Because Mr. Nicholas also represented that Ms. Lynn was an independent contractor who presumably could accept work from multiple sources, it is unclear why Mr. Nicolas believed that he could accurately represent Ms. Lynn's work status as to all document preparation projects in this geographic area.

Mr. Nicholas offered no explanation for Ms. Lynn's refusal to comply with the Show Cause Order beyond her "remote" work status, nor did he explain his ongoing refusal to provide the appropriate disclosures as the responsible person under § 110 for ClearPath. Those disclosures include compliance with § 110's requirement that ClearPath and Ms. Lynn each file an identification number (in this case, Mr. Nicholas's social security number and Ms. Lynn's social security number) on the docket of Debtor's bankruptcy case.

The Debtor, for his part, lamented his decision not to engage a qualified bankruptcy attorney who could have simplified the bankruptcy process. And, as he had already done at the First Hearing, he expressed his frustration that he paid $1300 in advance for ClearPath's and Ms. Lynn's services only to end up struggling through his chapter 13 bankruptcy case. Although he understood that Ms. Lynn had been unveiled as a layperson without an attorney's license, he still seemed unaware that neither she nor ClearPath were ever competent to offer the type of competent legal assistance he sought.

## LEGAL STANDARD

A. <u>Bankruptcy Code § 110</u>

Bankruptcy Code § 110 provides a long list of penalties for persons who negligently or fraudulently prepare documents for filing in bankruptcy court. The list includes violations for many types of infractions, some of which might not be apparent to a layperson. The gist of § 110, in a nutshell, is that the only service any non-lawyer may safely provide to a debtor is the manual retyping of handwritten or oral

information provided by the debtor into lines on a form when the debtor has already identified where the information should go. *See generally In re Bachmann*, 113 B.R. 769 (Bankr. S.D. Fla. 1990); *see also In re Calzadilla*, 151 B.R. 622, 625 (Bankr. S.D. Fla. 1993) (citing and adopting same); *c.f. Florida Bar v. Brumbaugh*, 355 So.2d 1186 (Fla. 1978) (describing breadth of allowable secretarial services in the context of the unauthorized practice of law). That service may not include assistance with any other aspect of inputting information into forms or interpreting court documents. In today's computer age, BPPs may not do most tasks commonly associated with filling out electronic copies of petitions, schedules, and statements of financial affairs. BPPs are also prohibited from drafting pleadings, including motions.

      The text of § 110 is detailed.[9] It provides that any nonlawyer who prepares for compensation a document for filing in the bankruptcy court (abbreviated in this opinion as a "BPP") must sign the document and print on the document the BPP's name and address. If the BPP is a business entity, then an officer, principal, responsible person, or partner of the BPP must sign the document for filing and print on the document the name and address of that officer, principal, responsible person, or partner.

      Section 110 also requires BPPs to give debtors an official notice in a form prescribed by the Judicial Conference of the United States in accordance with rule 9009 of the Federal Rules of Bankruptcy Procedure. The notice must (i) inform the debtor in simple language that a BPP is not an attorney and may not practice law or

---

[9] The full text of § 110 is provided as Exhibit A to this Opinion.

7

give legal advice, and (ii) be signed by the debtor. The BPP must countersign the notice under penalty of perjury and ensure that the notice is filed along with any document prepared for filing.

Section 110 also requires BPPs to include an identifying number on any document prepared for filing that specifies the individual(s) who prepared the document. That number is the Social Security account number of each individual who prepared the document or assisted in its preparation. If the BPP is a business entity, then the document must contain the Social Security account number of the officer, principal, responsible person, or partner of the BPP.

Section 110 prohibits the provision of legal advice by any BPP as well as the use of the word "legal" in any advertisements. In this digital era, a logical interpretation of § 110 means that prohibition extends to communications that might be construed as advertisements, such as postings on webpages and email communications with prospective clients, as well as the name of any BPP entity.[10]

If a BPP violates § 110 or commits any act that the court finds to be fraudulent, unfair, or deceptive, then the debtor, trustee, United States trustee (or the bankruptcy administrator, if any) may seek damages under § 110(i). Those same persons or agencies may bring a civil action to enjoin a BPP from further violative conduct.

---

[10] Section 110 became effective October 22, 1994, when printed advertisements and phone books were still common. Although certain technical aspects of § 110 have been updated over the years, the core language has yet to be revised to reflect the now ubiquitous nature of social media, digital marketing, smartphones, computers, digital forms, pdf documents, and so on. As a result, bankruptcy courts are left to their own devices to apply the statute using common sense and interpretative case law, much of which is also outdated.

A bankruptcy court may fine a BPP who fails to comply with any provision of § 110(b), (c), (d), (e), (f), (g), or (h) up to $500 for each violation. The fine amount triples if the court determents that the BPP advised the debtor to exclude assets or income that should have been included on an applicable schedule, advised the debtor to use a false Social Security account number, failed to inform the debtor that the debtor was filing for relief, or prepared a document for filing in a manner that failed to disclose the identity of the BPP.

Violations of § 110 frequently include the unauthorized practice of law (UPL), which is governed by state (not federal) law. Recognizing this reality, § 110 includes a provision clarifying that nothing in § 110 permits the UPL.

B. <u>Florida UPL Statutes and Rules</u>

Chapter 454 of the Florida Statutes governs attorneys and the practice of law within the state of Florida. Florida Statutes § 454.021 provides that the admission to practice law within the state of Florida is a judicial function, and further provides that the Supreme Court of Florida governs and regulates admission of attorneys and counselors to practice law. Florida Statutes § 454.23 sets forth penalties for acts constituting the UPL. It states:

> Any person not licensed or otherwise authorized to practice law in this state who practices law in this state or holds himself or herself out to the public as qualified to practice law in this state, or who willfully pretends to be, or willfully takes or uses any name, title, addition, or description implying that he or she is qualified, or recognized by law as qualified, to practice law in this state, commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.[11]

---

[11] Florida Statutes use the abbreviation "s" in lieu of the section symbol ("§").

9

Chapter 10 of the Rules Regulating The Florida Bar contains provisions governing the investigation and prosecution of the unlicensed practice of law. Rule 10-2.2(b) currently provides as follows:

> (1) It is not the unlicensed practice of law for a nonlawyer to engage in a secretarial service, typing forms for self-represented persons by copying information given in writing by the self-represented person into the blanks on the form. The nonlawyer must transcribe the information exactly as provided in writing by the self-represented person without addition, deletion, correction, or editorial comment. The nonlawyer may not engage in oral communication with the self-represented person to discuss the form or assist the self-represented person in completing the form.
> (2) It is the unlicensed practice of law for a nonlawyer to give legal advice, give advice on remedies or courses of action, or draft a legal document for a particular self-represented person. It is also the unlicensed practice of law for a nonlawyer to offer to provide legal services directly to the public.

The Florida Bar, as an official arm of the Florida Supreme Court, investigates and prosecutes allegations of unlicensed practice of law.

## DISCUSSION

The Court's task here is unfortunate, but not complicated. Documents filed on the record show that Ms. Lynn and ClearPath violated § 110. The unusual twist is that the Court does not have before it a motion seeking damages under the statute, which limits the relief that the Court may grant at this time.

At this juncture, what the Court will do is ensure that the violations of § 110 do not continue. The Court will require Ms. Lynn and Mr. Nicolas to file a notice providing their Social Security numbers on the docket and identifying each document that Ms. Lynn and/or ClearPath assisted Debtor in preparing. That disclosure should have happened as soon as each document was prepared and filed. The Court could

impose hefty sanctions for Ms. Lynn, Mr. Nicholas, and ClearPath's months-long failure to comply with this simple notice requirement, but it will nevertheless offer a brief grace period for compliance. Because Ms. Lynn, Mr. Nicholas, and ClearPath have all declined to provide physical addresses for mail service, the Court will order service to each of these parties via the email address used by Ms. Lynn and ClearPath in correspondence with Debtor.

The Court will reserve jurisdiction to determine any additional sanctions to be awarded and to impose potential restrictions upon further practice in this district by Ms. Lynn, Mr. Nicholas, or ClearPath upon proper motion by any party with authorization to file such motion under § 110.

## CONCLUSION

Accordingly, the Court **ORDERS** that:

1. The Show Cause Order is **DISCHARGED**.

2. On or before March 25, 2026, Ms. Lynn and Mr. Nicholas must each file a notice (the "<u>Identification Notice</u>") on the docket providing their Social Security number and identifying each document that Ms. Lynn and/or ClearPath assisted Debtor with preparing.

3. Beginning on March 26, 2026, if Ms. Lynn or Mr. Nicholas has failed to file a proper Identification Notice with the Court, the Court will impose a fine of **$50 per calendar day** for each day that the Identification Notice remains unfiled. The fine will be payable as provided under § 110(l).

4. Because Ms. Lynn, Mr. Nicholas, and ClearPath have all declined to provide physical addresses to the Court and the parties to this matter, the Court finds that service of this Order via email sent by the Bankruptcy Noticing Service (BNS) to ClearPath at clearpathlegalfirm@gmail.com constitutes valid service upon Ms. Lynn, Mr. Nicholas, and ClearPath.

5. The Court retains jurisdiction to impose additional fines and other sanctions, including injunctive relief, upon proper motion or complaint filed in compliance with § 110.

###

Copies furnished to:

Steven Schneiderman, Office of the United States Trustee

Gary David Ormont
6846 Moonlit Dr
Delray Beach, FL 33446

The Florida Bar
Unlicensed Practice of Law Department
651 E Jefferson St
Tallahassee, FL 32399

Chelsea Lynn
Rodney Nicholas
ClearPath Legal Firm
c/o Clear Path Legal Docs Preparation Service
clearpathlegalfirm@gmail.com
(Phone 310-567-8498)
(Phone 305-209-2509)

All other interested parties by the Clerk

Exhibit A

Bankruptcy Code § 110

(a) In this section—
- (1) "bankruptcy petition preparer" means a person, other than an attorney for the debtor or an employee of such attorney under the direct supervision of such attorney, who prepares for compensation a document for filing; and
- (2) "document for filing" means a petition or any other document prepared for filing by a debtor in a United States bankruptcy court or a United States district court in connection with a case under this title.

(b)
- (1) A bankruptcy petition preparer who prepares a document for filing shall sign the document and print on the document the preparer's name and address. If a bankruptcy petition preparer is not an individual, then an officer, principal, responsible person, or partner of the bankruptcy petition preparer shall be required to—
  - (A) sign the document for filing; and
  - (B) print on the document the name and address of that officer, principal, responsible person, or partner.
- (2)
  - (A) Before preparing any document for filing or accepting any fees from or on behalf of a debtor, the bankruptcy petition preparer shall provide to the debtor a written notice which shall be on an official form prescribed by the Judicial Conference of the United States in accordance with rule 9009 of the Federal Rules of Bankruptcy Procedure.
  - (B) The notice under subparagraph (A)—
    - (i) shall inform the debtor in simple language that a bankruptcy petition preparer is not an attorney and may not practice law or give legal advice;
    - (ii) may contain a description of examples of legal advice that a bankruptcy petition preparer is not authorized to give, in addition to any advice that the preparer may not give by reason of subsection (e)(2); and
    - (iii) shall—
      - (I) be signed by the debtor and, under penalty of perjury, by the bankruptcy petition preparer; and
      - (II) be filed with any document for filing.

(c)
- (1) A bankruptcy petition preparer who prepares a document for filing shall place on the document, after the preparer's signature, an identifying number that identifies individuals who prepared the document.
- (2)

      (A) Subject to subparagraph (B), for purposes of this section, the identifying number of a bankruptcy petition preparer shall be the Social Security account number of each individual who prepared the document or assisted in its preparation.
      (B) If a bankruptcy petition preparer is not an individual, the identifying number of the bankruptcy petition preparer shall be the Social Security account number of the officer, principal, responsible person, or partner of the bankruptcy petition preparer.

(d) A bankruptcy petition preparer shall, not later than the time at which a document for filing is presented for the debtor's signature, furnish to the debtor a copy of the document.

(e)
    (1) A bankruptcy petition preparer shall not execute any document on behalf of a debtor.
    (2)
      (A) A bankruptcy petition preparer may not offer a potential bankruptcy debtor any legal advice, including any legal advice described in subparagraph (B).
      (B) The legal advice referred to in subparagraph (A) includes advising the debtor—
        (i) whether—
          (I) to file a petition under this title; or
          (II) commencing a case under chapter 7, 11, 12, or 13 is appropriate;
      (ii) whether the debtor's debts will be discharged in a case under this title;
      (iii) whether the debtor will be able to retain the debtor's home, car, or other property after commencing a case under this title;
      (iv) concerning—
        (I) the tax consequences of a case brought under this title; or
        (II) the dischargeability of tax claims;
      (v) whether the debtor may or should promise to repay debts to a creditor or enter into a reaffirmation agreement with a creditor to reaffirm a debt;
      (vi) concerning how to characterize the nature of the debtor's interests in property or the debtor's debts; or
      (vii) concerning bankruptcy procedures and rights.

(f) A bankruptcy petition preparer shall not use the word "legal" or any similar term in any advertisements, or advertise under any category that includes the word "legal" or any similar term.

(g) A bankruptcy petition preparer shall not collect or receive any payment from the debtor or on behalf of the debtor for the court fees in connection with filing the petition.

(h)
    (1) The Supreme Court may promulgate rules under section 2075 of title 28, or the Judicial Conference of the United States may prescribe guidelines, for setting a maximum allowable fee chargeable by a bankruptcy petition preparer. A bankruptcy petition preparer shall notify the debtor of any such maximum amount before preparing any document for filing for the debtor or accepting any fee from or on behalf of the debtor.
    (2) A declaration under penalty of perjury by the bankruptcy petition preparer shall be filed together with the petition, disclosing any fee received from or on behalf of the debtor within 12 months immediately prior to the filing of the case, and any unpaid fee charged to the debtor. If rules or guidelines setting a maximum fee for services have been promulgated or prescribed under paragraph (1), the declaration under this paragraph shall include a certification that the bankruptcy petition preparer complied with the notification requirement under paragraph (1).
    (3)
        (A) The court shall disallow and order the immediate turnover to the bankruptcy trustee any fee referred to in paragraph (2)—
            (i) found to be in excess of the value of any services rendered by the bankruptcy petition preparer during the 12-month period immediately preceding the date of the filing of the petition; or
            (ii) found to be in violation of any rule or guideline promulgated or prescribed under paragraph (1).
        (B) All fees charged by a bankruptcy petition preparer may be forfeited in any case in which the bankruptcy petition preparer fails to comply with this subsection or subsection (b), (c), (d), (e), (f), or (g).
        (C) An individual may exempt any funds recovered under this paragraph under section 522(b).
    (4) The debtor, the trustee, a creditor, the United States trustee (or the bankruptcy administrator, if any) or the court, on the initiative of the court, may file a motion for an order under paragraph (3).
    (5) A bankruptcy petition preparer shall be fined not more than $500 for each failure to comply with a court order to turn over funds within 30 days of service of such order.

(i)
    (1) If a bankruptcy petition preparer violates this section or commits any act that the court finds to be fraudulent, unfair, or deceptive, on the motion of the debtor, trustee, United States trustee (or the bankruptcy administrator, if any), and after notice and a hearing, the court shall order the bankruptcy petition preparer to pay to the debtor—
        (A) the debtor's actual damages;
        (B) the greater of—
            (i) $2,000; or

    (ii) twice the amount paid by the debtor to the bankruptcy petition preparer for the preparer's services; and
  (C) reasonable attorneys' fees and costs in moving for damages under this subsection.

(2) If the trustee or creditor moves for damages on behalf of the debtor under this subsection, the bankruptcy petition preparer shall be ordered to pay the movant the additional amount of $1,000 plus reasonable attorneys' fees and costs incurred.

(j)

(1) A debtor for whom a bankruptcy petition preparer has prepared a document for filing, the trustee, a creditor, or the United States trustee in the district in which the bankruptcy petition preparer resides, has conducted business, or the United States trustee in any other district in which the debtor resides may bring a civil action to enjoin a bankruptcy petition preparer from engaging in any conduct in violation of this section or from further acting as a bankruptcy petition preparer.

(2)

 (A) In an action under paragraph (1), if the court finds that—
  (i) a bankruptcy petition preparer has—
   (I) engaged in conduct in violation of this section or of any provision of this title;
   (II) misrepresented the preparer's experience or education as a bankruptcy petition preparer; or
   (III) engaged in any other fraudulent, unfair, or deceptive conduct; and
  (ii) injunctive relief is appropriate to prevent the recurrence of such conduct,
  the court may enjoin the bankruptcy petition preparer from engaging in such conduct.
 (B) If the court finds that a bankruptcy petition preparer has continually engaged in conduct described in subclause (I), (II), or (III) of clause (i) and that an injunction prohibiting such conduct would not be sufficient to prevent such person's interference with the proper administration of this title, has not paid a penalty imposed under this section, or failed to disgorge all fees ordered by the court the court may enjoin the person from acting as a bankruptcy petition preparer.

(3) The court, as part of its contempt power, may enjoin a bankruptcy petition preparer that has failed to comply with a previous order issued under this section. The injunction under this paragraph may be issued on the motion of the court, the trustee, or the United States trustee (or the bankruptcy administrator, if any).

(4) The court shall award to a debtor, trustee, or creditor that brings a successful action under this subsection reasonable attorneys' fees and costs of the action, to be paid by the bankruptcy petition preparer.

(k) Nothing in this section shall be construed to permit activities that are otherwise prohibited by law, including rules and laws that prohibit the unauthorized practice of law.

(l)

> (1) A bankruptcy petition preparer who fails to comply with any provision of subsection (b), (c), (d), (e), (f), (g), or (h) may be fined not more than $500 for each such failure.
>
> (2) The court shall triple the amount of a fine assessed under paragraph (1) in any case in which the court finds that a bankruptcy petition preparer—
>
>> (A) advised the debtor to exclude assets or income that should have been included on applicable schedules;
>> (B) advised the debtor to use a false Social Security account number;
>> (C) failed to inform the debtor that the debtor was filing for relief under this title; or
>> (D) prepared a document for filing in a manner that failed to disclose the identity of the bankruptcy petition preparer.
>
> (3) A debtor, trustee, creditor, or United States trustee (or the bankruptcy administrator, if any) may file a motion for an order imposing a fine on the bankruptcy petition preparer for any violation of this section.
>
> (4)
>
>> (A) Fines imposed under this subsection in judicial districts served by United States trustees shall be paid to the United States trustees, who shall deposit an amount equal to such fines in the United States Trustee Fund.
>> (B) Fines imposed under this subsection in judicial districts served by bankruptcy administrators shall be deposited as offsetting receipts to the fund established under section 1931 of title 28, and shall remain available until expended to reimburse any appropriation for the amount paid out of such appropriation for expenses of the operation and maintenance of the courts of the United States.

(Added Pub. L. 103–394, title III, § 308(a), Oct. 22, 1994, 108 Stat. 4135; amended Pub. L. 109–8, title II, § 221, title XII, § 1205, Apr. 20, 2005, 119 Stat. 59, 194; Pub. L. 110–161, div. B, title II, § 212(b), Dec. 26, 2007, 121 Stat. 1914; Pub. L. 111–327, § 2(a)(7), Dec. 22, 2010, 124 Stat. 3558.)